Pfeifer, J.,
dissenting.
{¶ 41} The majority’s analysis of legal custody cases between a parent and nonparent is correct. A court should determine the unsuitability of a natural parent before awarding legal custody to a nonparent. In this case, the domestic relations court should have made an unsuitability determination before awarding legal custody to the Hockstoks in its February 4, 1998 order. Gorslene would have the power of the majority’s analysis behind her if only she were appealing that order. But she is not. The domestic relations court awarded legal custody to the Hockstoks on February 4, 1998, and Gorslene never appealed. That sets her apart from the parent in In re Perales (1977), 52 Ohio St.2d 89, 90, 6 O.O.3d 293, 369 N.E.2d 1047, who was appealing directly from the juvenile court’s award of custody to a nonparent based upon “the best interest” of the child. Perales remains good law, but it is wholly inapplicable to this case. Since this case concerns Gorslene’s attempt to change, not appeal, “a prior order of the court making the allocation,” R.C. 3109.04 controls. See R.C. 3109.04(B)(1).
*248 Arnold & Christiansen Co., L.P.A., and Vicky M. Christiansen, for appellants.
James C. Thompson, for appellee.
{¶ 42} R.C. 3109.04 is not draconian — it does not foreclose Gorslene from ever having custody of her child again. But it does premise her potential custody on the best interest of the child. R.C. 3109.04(E)(1)(a) states that the court “shall not modify” a prior custody decree unless it finds that “a change has occurred in the circumstances of the child [or his] residential parent, * * * and that the modification is necessary to serve the best interest of the child.”
{¶ 43} Certainly, as part of that “best interest” determination the court should take into account the elemental nature of the parent-child relationship. The majority points out the constitutionally protected fundamental liberty interest parents have in the care of their children. That interest cannot exist without a similar value being accorded to the child’s interest in residing with his or her natural parents. Courts should accord that due weight in making determination of a child’s best interest.
{¶44} For the above reasons, I would reinstate the judgment of the trial court.